IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OSSEO IMAGING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1386 (JFB) |
| | ) | |
| PLANMECA USA INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED PROPOSED JOINT FINAL PRETRIAL ORDER**

**Plaintiff's Counsel:**

Seth H. Ostrow (Admitted *Pro Hac Vice*)
 sho@msf-law.com
Jeffrey P. Weingart (Admitted *Pro Hac Vice*)
 jpw@msf-law.com
Thomas M. Cassone (Admitted *Pro Hac Vice*)
 tmc@msf-law.com
Robert P. Feinland (Admitted *Pro Hac Vice*)
 rf@msf-law.com
MEISTER SEELIG & FEIN LLP
125 Park Avenue
New York, NY 10017
(212) 655-3500

Stephen B. Brauerman (#4952)
sbrauerman@bayardlaw.com
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, DE 19899
(302) 655-5000

*Attorneys for Plaintiff*
*Osseo Imaging, LLC*

**Defendant's Counsel:**

Wasif H. Qureshi
wqureshi@jw.com
Leisa Talbert Peschel
lpeschel@jw.com
Christopher N. Cravey
ccravey@jw.com
Blake T. Dietrich
bdietrich@jw.com
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200

Jack B. Blumenfeld (#1014)
jblumenfeld@morrisnichols. com
Michael J. Flynn (#5333)
mflynn@morrisnichols.com
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Defendant*
*Planmeca USA Inc.*

August 10, 2022

# TABLE OF CONTENTS

Page

I.    Nature of the Case ...........................................................................................................1

II.   Jurisdiction ......................................................................................................................1

III.  Facts ................................................................................................................................1

      A.    Uncontested Facts ............................................................................................ 1

      B.    Contested Facts ................................................................................................ 2

IV.   Issues of Law ...................................................................................................................2

V.    Witnesses ........................................................................................................................3

      A.    List of Witnesses Osseo Expects to Call .......................................................... 4

            i.     Expert witnesses ................................................................................... 4

            ii.    Non-expert witnesses ............................................................................ 5

      B.    List of Witnesses Planmeca Expects to Call ..................................................... 6

      i.     Expert witnesses ....................................................................................6

      ii.    Non-expert witnesses ............................................................................7

      C.    List of Third Parties Witnesses Expect to Call ................................................. 7

      D.    Testimony by Deposition ................................................................................. 8

      E.    Deposition Designations ................................................................................. 8

      F.    Live Testimony ............................................................................................... 9

VI.   Exhibits .........................................................................................................................10

      A.    Trial Exhibits ................................................................................................ 10

      B.    Demonstrative Exhibits .................................................................................. 12

      C.    Source Code .................................................................................................. 13

VII.  Damages .......................................................................................................................13

VIII. Bifurcated Trial ............................................................................................................14

IX.     Motions *in Limine* ..................................................................................................14

X.      Discovery ...............................................................................................................14

XI.    Number of Jurors and Agreed Juror Questionnaire .............................................14

XII.   Non-Jury Trial .......................................................................................................15

XIII.  Length of Trial ......................................................................................................15

XIV.  Impeachment .........................................................................................................15

XV.   Expert Testimony Objections ................................................................................16

XVI.  Motions For JMOL ...............................................................................................16

XVII. Amendments of the Pleadings ..............................................................................16

XVIII. Additional Matters ...............................................................................................16

         Osseo's Position: ..................................................................................................18

         Planmeca's Position: ............................................................................................19

XIX.  Settlement .............................................................................................................21

Pursuant to District of Delaware Local Rule 16.3, Plaintiff and Counterclaim-Defendant Osseo Imaging, LLP ("Osseo" or "Plaintiff") and Defendant and Counterclaim-Plaintiff Planmeca USA Inc. ("Planmeca" or "Defendant") hereby submit for the Court's approval this proposed First Amended Joint Final Pretrial Order governing the jury trial of this case, C.A. No. 17-1386-JFB, which is scheduled to begin on August 22, 2022. References to exhibits refer to those filed at D.I. 171 and any corresponding later filed revised exhibits (*e.g.*, the parties' final trial exhibit lists).

## I. Nature of the Case

1. This case is a civil action by Osseo alleging claims of patent infringement by Planmeca. The patents and claims at issue in this case are claims 1 and 7 of U.S. Patent No. 6,381,301 ("the '301 Patent"), claim 1 of U.S. Patent No. 6,944,262 ("the '262 Patent"), and claims 1 and 6 of U.S. Patent No. 8,498,374 ("the '374 Patent") (collectively, the "Asserted Patents"). Planmeca asserts affirmative defenses and counterclaims of, *inter alia*, non-infringement and invalidity.

## II. Jurisdiction

2. Osseo seeks damages and injunctive relief arising out of the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The jurisdiction of the Court is not in dispute.

## III. Facts

### A. Uncontested Facts

4. The parties' Joint Statement of Uncontested Facts is attached hereto as **Exhibit 1**. The facts in Exhibit 1 are not disputed or have been stipulated to by the parties for purposes of trial.

**B.    Contested Facts**

5.      The parties acknowledge that the scope of contested facts may be affected by the Court's rulings on any pretrial motions, including motions *in limine*. The parties therefore each reserve the right to revise its statement of the facts in issue that it contends remain to be litigated in light of the Court's rulings on any motions.

6.      Plaintiff's statement of the facts in issue that it contends remain to be litigated, including brief statements of what it intends to prove in support of its claims and defenses, is attached hereto as **Exhibit 2**.

7.      Defendant's statement of the facts in issue that it contends remain to be litigated, including brief statements of what it intends to provide in support of its claims and defenses, is attached hereto as **Exhibit 3**.

**IV.    Issues of Law**

8.      The parties acknowledge that the scope of contested issues of the law may be affected by the Court's rulings on pretrial motions, including motions *in limine*. The parties therefore each reserve the right to revise its statement of the issues of the law which it contends remain to be litigated in light of the Court's rulings on any motions.

9.      Plaintiff's statement of the issues of the law which it contends remain to be litigated in this case and its citation of authorities relied upon is attached hereto as **Exhibit 4**.

10.     Defendant's statement of the issues of law which it contends remain to be litigated in this case and its citation of authorities relied upon is attached hereto as **Exhibit 5**.

11.     If this Court determines that any issue identified in the statements of issues of law is more properly considered an issue of fact, it should be so considered.

## V.    Witnesses

12.    Any witness not listed will be precluded from testifying, absent good cause shown. Such good cause shall include, but is not limited to, testimony required to authenticate any documents subject to an authenticity objection or to offer rebuttal testimony to unanticipated direct testimony. Subject to the notice requirements addressed herein, the listing of a witness on a party's witness list does not require that party to call that witness to testify and does not necessarily mean that the listing party has the power to compel the live testimony of that witness.

13.    In the absence of an alternative agreement between the parties, fact witnesses will be sequestered pursuant to Rule 615 of the Federal Rules of Evidence, except that the parties will not be required to sequester a witness who is an officer or employee designated as the party's representative. Such fact witnesses who are not sequestered must adhere to the terms of the Protective Order as to any confidential information that such witness may hear or see at the trial. The parties acknowledge that Planmeca has designated two 30(b)(6) witnesses as its representatives. Osseo does not object to an officer or employee of Planmeca OY (Planmeca's parent company) being designated as a representative for Planmeca.

14.    Unless the parties agree otherwise, the order of the presentation of evidence will follow the burden of proof. Regarding rebuttal, Planmeca believes that per the Court's instruction at the pre-trial conference, Osseo may present a rebuttal case limited to a response to Planmeca's invalidity presentation in Planmeca's case-in-chief. June 3, 2022 Hrg. Tr., 9:23 – 10:10. Osseo believes that, in addition to presenting a rebuttal case to Planmeca's invalidity presentation, it should also be allowed to present a rebuttal to respond to any other issues for which Planmeca has the burden of proof presented in Planmeca's case-in-chief.

**A.     List of Witnesses Osseo Expects to Call**

**i.     Expert witnesses**

15.     Dr. Omid Kia – Dr. Kia is a technical expert in the technology associated with the Asserted Patents. Dr. Kia will testify with respect to issues within his expertise, including regarding the facts and opinions provided in his expert reports and deposition testimony, such as with respect to infringement, enforceability, and validity of the Asserted Patents. Dr. Kia may also rebut any opinions offered by Dr. Norbert Pelc (Planmeca's technical expert) on matters within Dr. Kia's expertise.

a. Planmeca's objections: Consistent with but not limited to its *Daubert* motion and briefs in support  thereof (D.I. 96, 97, 127), Planmeca objects to the proposed testimony and opinions of Dr. Kia regarding, for example, densitometry, apportionment, third party license agreements, technological demand, noninfringing alternatives, written description, and enablement. Dr. Kia's opinions regarding those topics fail the test of reliability and are solely based on subjective belief and/or unsupported speculation. Planmeca further objects to any testimony of Dr. Kia that is not contained within his expert reports (*e.g.*, on patent unenforceability alleged by Planmeca) and/or that may be based on information not timely and properly disclosed by Osseo.

16.     Justin R. Blok – Mr. Blok is an expert in evaluating damages in intellectual property disputes. Mr. Blok will testify with respect to issues within his expertise, including regarding the facts and opinions provided in his expert reports and deposition testimony, such as with respect to the damages arising from Plaintiff's claims of infringement, damages measurements, applicable damage frameworks, and reasonable royalty analysis. Mr. Blok may

also rebut any opinions offered by Mr. John Bone (Planmeca's damages expert) on matters within Mr. Blok's expertise.

a. Planmeca's objections: Consistent with but not limited to its *Daubert* motion and briefs in support thereof (D.I. 98, 99, 126), Planmeca objects to the proposed testimony of Mr. Blok regarding damages. For example, Mr. Blok's damages methodology fails the test of reliability by relying on an unreliable apportionment analysis from Dr. Kia, failing to use the smallest saleable patent-practicing unit, and invoking the entire market value rule without demonstrating customer demand. Planmeca further objects to any testimony of Mr. Blok that is not contained within his expert reports and/or that may be based on information not timely and properly disclosed by Osseo.

ii. **Non-expert witnesses**

17. Dr. Ronald Massie (live)

18. Dr. Chris Leslie (by prior testimony) (the parties have agreed that: (i) Dr. Leslie will not testify live and Planmeca will not pursue a defense of improper inventorship as to any of the Asserted Patents, (ii) Dr. Leslie may be called to testify live if Planmeca suggests improper inventorship, and (iii) both parties may designate portions of Dr. Leslie's deposition for presentation at trial subject to the parties' objections to deposition designations and without having to comply with the notice requirements in Paragraphs 31-32, provided that the parties will work in good faith to timely exchange designations, objections, and counter-designations with a reasonable opportunity to prepare resolved deposition clips for presentation at trial. Osseo believes it has and reserves the right to call Dr. Leslie to testify live if Planmeca relies on Dr.

Leslie's testimony in support of any of its other invalidity theories set forth in its Amended §282 Statement dated July 18, 2022 (D.I. 178).[1]

19.     Timo Muller (live)

20.     Robert Pienkowski (live)

**B.      List of Witnesses Planmeca Expects to Call**

**i.      Expert witnesses**

21.     Norbert Pelc, Ph. D., will testify regarding the facts and his opinions contained in his expert reports and deposition testimony, such as with respect to alleged invalidity of the Asserted Patents, alleged noninfringement of the Asserted Patents, patents or technology in licenses that are allegedly comparable or not comparable to the Asserted Patents, the Accused Systems (defined infra), the state of the art as of the asserted priority date of the Asserted Patents, the content and scope of alleged prior art, alleged non-infringing alternatives, technological apportionment, and his response to the opinions and testimony of Osseo's expert witnesses.

a. Osseo's objections: Consistent with but not limited to its *Daubert* motion and briefs in support thereof (D.I. 103, 104, 132), Osseo objects to the proposed testimony of Dr. Pelc as an expert witness regarding, *inter alia*, invalidity, noninfringement, densitometry, obviousness, and apportionment. Dr. Pelc's opinion regarding those topics fails the test of reliability and are solely based on subjective belief, unsupported speculation, an incomplete apportionment analysis, improperly applied legal principles, and are inconsistent with the Court's construction of the claim

---

[1] In view of the parties' efforts to fit the trial within the Court's allocated period for trial, the parties agree that neither will for gain at trial refer to lack of live testimony from an individual on the other side.

terms. While the Court has ruled on those *Daubert* motions Osseo reserves its right to raise these issues again if the Court deems it appropriate. Osseo further objects to any testimony of Dr. Pelc that is not contained within his expert reports.

22.    John Bone will testify regarding the facts and his opinions contained in his expert report and deposition testimony, such as with respect to Osseo's alleged damages, and his response to the opinions and testimony of Osseo's expert witnesses.

a. Osseo's objections: Consistent with but not limited to its *Daubert* motion and briefs in support thereof (D.I. 100, 101, 133), Osseo objects to the proposed testimony of Mr. Bone as an expert witness regarding damages. Mr. Bone's damages methodology fails the test of reliability by making no attempt to accurately apportion value based on reliable and tangible evidence while only relying on his "adjusted" apportionment which is not based reliable information or on materials for which Mr. Bone is qualified to offer an opinion. Further, Mr. Bone relies on Dr. Pelc's unreliable apportionment analysis and on undisclosed information. While the Court has ruled on those *Daubert* motions Osseo reserves its right to raise these issues again if the Court deems it appropriate. Osseo further objects to any testimony of Mr. Bone that is not contained within his expert reports.

### ii.    Non-expert witnesses

23.    Robert Pienkowski (live)

24.    Timo Muller (live)

25.    Ronald E. Massie (live)

26.    Christopher J. Leslie (by prior testimony)

## C.    List of Third Parties Witnesses Expect to Call

27.    N/A

**D. Testimony by Deposition**

28.     Osseo's deposition designations are attached as **Exhibit 6** along with citations to the Federal Rules of Evidence noting any objections thereto lodged by Planmeca.

29.     Planmeca's deposition designations are attached as **Exhibit 7** along with citations to the Federal Rules of Evidence noting any objections thereto lodged by Osseo.

30.     The parties' position is that deposition testimony of a witness who appears live at the trial may not be played unless for purposes of impeachment.

**E. Deposition Designations**

31.     A party intending to offer testimony by deposition designation will provide to the other party the final designated designations by 3:00 p.m. two days before the testimony will be played at trial, including an identification of any exhibits that will be shown to the jury during such deposition testimony. The receiving party will provide to the other party any counter-designated testimony and/or objections by 7:00 p.m. the same evening, including an identification of any exhibits that will be shown to the jury during such deposition testimony. The initially disclosing party shall provide objections to the receiving party's counter-designations by 9:00 p.m. The parties shall meet-and-confer as to any objections over the designated testimony by 10:00 p.m. the same evening to discuss any pending objections. Any unresolved objections will be raised with the Court the next morning.

32.     If the designated deposition testimony is to be played by video, the party initially designating the testimony for presentation at trial will provide to the other party, by 9:00 p.m. one day before the deposition testimony is to be played, the video file (or files) of the testimony designated by both parties, where such testimony will be played in the order in which it appeared during the deposition. Any objections or colloquy between counsel shall be removed from the final video.

33.     The parties agree that designations and counter-designations are limited to those previously submitted by the party in accordance with the docket control order. The parties shall cooperate in good faith to prepare the designated portions of the deposition for presentation at trial.

F.     **Live Testimony**

34.     Given the evolving travel restrictions and guidelines related to the COVID-19 pandemic, the parties will meet-and-confer in good faith to address any accommodations necessary to facilitate witness participation at trial, including any adjustments to whether certain witnesses will be presented live in-person or remote. Any requests for adjustments to a party's witness list shall be served in writing to the other party no later than a week prior to the start of the trial.

35.     To the extent a witness's live testimony is presented through remote means, the parties will not make any disparaging remarks or suggestions as to the reason(s) why such witness is testifying remotely, or any remarks or suggestions implicating that the witness is testifying remotely for personal convenience or to avoid costs.

36.     For the 1st day of trial Osseo shall identify by email to Planmeca no later than 5pm the prior day of all witnesses Osseo will present live, including the order of presentation.

37.     For the 2nd and subsequent days of trial, each party presenting one or more witnesses shall identify by email to the other party no later than 7 p.m. on the prior day of all witnesses, including the order of presentation.

## VI.  Exhibits

### A.  Trial Exhibits

38.  The parties' joint list of pre-marked exhibits for trial is attached hereto as **Exhibit 8** along with citations to the Federal Rules of Evidence noting any objections thereto lodged by Osseo and Planmeca.

39.  Osseo's list of pre-marked exhibits for trial is attached hereto as **Exhibit 9** along with citations to the Federal Rules of Evidence noting any objections thereto lodged by Planmeca.

40.  Planmeca's list of pre-marked exhibits for trial is attached hereto as **Exhibit 10** along with citations to the Federal Rules of Evidence noting any objections thereto lodged by Osseo.

41.  Plaintiff and Defendant each reserves the right to offer exhibits set forth on the other's exhibit list, even if not set forth on its own exhibit list, except that the offering party reserves the right to raise objections to the use of the exhibit by the opposing party. All objections to such exhibits are preserved. The parties shall not remove a document once it has been added to the party's exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

42.  The parties reserve their right to amend or otherwise revise their respective exhibit lists, including the joint list of exhibits, as preparation for trial continues. The parties further agree to make good-faith efforts to resolve objections and disputes concerning exhibits.

43.  Exhibits not listed on the exhibit lists will not be admitted unless good cause is shown. Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony once introduced through, and shown to, a testifying witness. All exhibits to be admitted must be formally moved into evidence by

exhibit number. Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence, except for purposes of impeachment. Once admitted, counsel may publish exhibits to the jury without requesting to do so.

44.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

45.     A party will disclose exhibits to be used in connection with direct examination on a per witness basis by 7:00 p.m. the day before their intended use, and objections will be provided no later than 9:00 p.m. the night before their intended use. The parties shall meet-and-confer as to any objections over the exhibits by 10:00 p.m. the day before the exhibits will be used. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

46.     The parties agree that notice of a party's intended use of blowups (enlargements) of exhibits and of ballooning, excerption, highlighting, etc., of such exhibits need not be given (and need not be exchanged as a demonstrative exhibit), as long as the exhibit is pre-admitted or the party has identified its intention to use the exhibit according to the preceding paragraph.

47.     The parties will notice and make available for inspection all non-documentary demonstratives or live product demonstrations, such as physical exhibits, for use during direct examination or opening—but not for cross-examination—by 7 p.m. two days before their intended use. The parties shall exchange objections to these non-documentary demonstratives or live product demonstrations by 7 p.m. the day before their intended use.

48.     The parties shall make good-faith efforts to resolve objections over the use of identified witnesses, testimony, and demonstratives prior to the subsequent trial day by

participating in a meet and confer following the identification of and objection to witnesses, testimony, and demonstratives each day.

49.     The parties may agree to modify the above procedures in writing, subject to any order or instruction from the Court.

**B.      Demonstrative Exhibits**

50.     The parties will exchange demonstratives to be used in opening statements by 5:00

p.m. the night before opening statements. The parties will provide any objections to such demonstratives by 7:00 p.m. that evening. The parties shall meet-and-confer regarding any objections by 8:00 p.m. that evening.

51.     A party will provide demonstrative exhibits to be used in connection with direct examination (e.g., witness PowerPoint slides) on a per witness basis by 7:00 p.m. the day before their intended use, and objections will be provided no later than 9:00 p.m. the day before their intended use. The parties agree that demonstrative exhibits for use with direct examination, such as witness PowerPoint slides, shall be exchanged in the order of intended use. The parties shall meet-and-confer as to any objections over the demonstratives by 10:00 p.m. the day before the demonstratives will be used. If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

52.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF or other electronic form labeled with the exhibit or demonstrative number. However, for video or animations, the party seeking to use the demonstrative will provide a file or web-based link to the other side in a manner sufficient to permit the receiving party to see the moving images.  For irregularly sized physical exhibits,

the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

53.     This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups, callouts, labeling, depictions, or highlights of exhibits or parts of exhibits, testimony (already in the trial record), or headings/narrative are not required to be provided to the other side in advance of their use. Further, closing argument demonstratives need not be exchanged subject to neither party introducing or referencing unadmitted evidence during closing argument.

54.     If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand.

## C.     Source Code

55.     The parties will meet and confer in advance of the pretrial conference to discuss appropriate procedures for the use and admission of source code at trial.

## VII.     Damages

56.     Osseo will seek damages at trial in the form of reasonable royalties, enhanced damages and/or other damages specified herein.

57.     Osseo contends that Planmeca owes Osseo damages pursuant to 35 U.S.C. § 284 for Planmeca's infringement of the Asserted Patents. Specifically, Osseo will ask the jury to award damages through trial in the form of reasonable royalties of at least the following amount:

| Royalty for infringement of the Asserted Patents by the Accused Systems | $21,959,052 |
|---|---|

58.     Osseo will further seek an award of pre-judgment interest as well as an award of post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 (including but not limited to treble damages for willful infringement) and/or Federal Rule of Civil Procedure, Rules 54 and 68 or other applicable law. Osseo also seeks attorneys' fees and costs pursuant to 35 U.S.C. § 285 or other applicable law. Moreover, due to the deliberate and willful infringement and exceptional case circumstances, Osseo also seeks enhanced damages to be determined by the Court, pursuant to 35 U.S.C. § 284 or other applicable law.

59.     Planmeca will deny that it owes Osseo any damages because the Asserted Patents are either not infringed or invalid. Planmeca's damages expert will provide a rebuttal damages model to follow. Should it prevail in the case, Planmeca will seek attorneys' fees and costs pursuant to 35 U.S.C. § 285 and any other applicable rules or law.

## VIII.    Bifurcated Trial

60.     The parties are not seeking a bifurcated trial.

## IX.    Motions *in Limine*

61.     Plaintiff's motion *in limine*, Defendant's response, and Plaintiff's reply are submitted as **Exhibit 11**.

62.     Defendant's motions *in limine*, Plaintiff's responses, and Defendant's replies are submitted as **Exhibit 12**.

## X.    Discovery

63.     Each party has completed fact and expert discovery.

## XI.    Number of Jurors and Agreed Juror Questionnaire

64.     There shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading *voir dire* to the jury panel in the

courtroom, continuing by meeting with jurors individually in chambers and there addressing any challenges for cause, and concluding back in the courtroom with peremptory strikes.

65.     The parties jointly submit an agreed juror questionnaire for the Court's consideration as **Exhibit 13.** The purpose of the questionnaire is to facilitate the voir dire proceedings on the first day of trial. The content of the questionnaire is in addition to the standard questionnaire used in jury trials in the District of Delaware. The parties respectfully request that the Court mail the questionnaire to prospective jurors two weeks prior to trial start and provide any responses to the parties' counsel.

## XII.    Non-Jury Trial

66.     N/A

## XIII.    Length of Trial

67.     The trial has been scheduled for 5 days and will be timed. Time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross- examination of witnesses called by any other party, and closing argument. The Courtroom Deputy will keep a running total of trial time used by counsel.

68.     Per the parties' agreement in D.I. 179, the parties are granted 12 hours per side for opening statements and presentation of evidence, and up to an additional 45 minutes per side for closing arguments, spanning August 22-26, 2022. Time allotted for jury selection will not count against the parties' trial presentation time.

## XIV.    Impeachment

69.     The parties agree that the Court should allow objections as to improper impeachment.

## XV.    Expert Testimony Objections

70.    The parties agree that the Court should take argument (if needed) and rule on objections to expert testimony being outside the scope of that expert's prior Rule 26 disclosures as those objections arise.

## XVI.    Motions For JMOL

71.    Without limitation as to what the parties may file, the parties agree that they be allowed to orally make motions for judgment as a matter of law at a break outside the presence of the jury or at the end of the day on which the opposing party rested. The parties also request that motions for JMOL may be supplemented in writing for filing by a time provided by the Court.

## XVII.    Amendments of the Pleadings

72.    The parties do not believe that amendment of the pleadings is necessary.

## XVIII.    Additional Matters

73.    The parties anticipate that the courtroom may need to be closed at least during portions of (i) Omid Kia (Osseo technical expert), Norbert Pelc (Planmeca technical expert), and Timo Muller's (Planmeca fact witness) testimony regarding Planmeca source code and confidential internal software used by the Accused Systems; (ii) Robert Pienkowski's (Planmeca fact witness) testimony regarding confidential financial information of Planmeca, including average pricing and profit margins for the Accused Systems; (iii) Justin Blok's (Osseo damages expert) testimony regarding confidential financial information of Planmeca; and (iv) John Bone's (Planmeca damages expert) testimony regarding confidential financial information of Planmeca.

74.    The parties anticipate that the majority of the trial will be open to the public and not sealed unless a party specifically requests that a particularly sensitive portion be

sealed. If a party makes such a request, subject to the Court's approval and for good cause shown, the courtroom shall be cleared of those individuals not qualified to hear such confidential information under the Protective Order entered in this case, except that each party's corporate representative(s) may remain in the courtroom throughout the entirety of trial subject to Rule 615 of the Federal Rules of Evidence. The parties may show particular circumstances as appropriate to exclude party representatives other than the corporate representative designated as the party's representative under Rule 615 of the Rules of Evidence.

75.     The parties agree that they will not solicit (or characterize as) expert testimony from individuals other than those witnesses who have been properly designated and disclosed as experts under Fed. R. Civ. P. 26.

76.      The parties agree that they will not make any extraneous statement during closing argument that is unrelated to the evidence presented or a disputed issue that is designed primarily to illicit an emotional response from the jury.

77.     Other than being able to reference as needed the Court's claim construction memorandum and order (D.I. 44, 46), the parties agree that they and their witnesses will not in front of the jury make a statement or reference regarding the outcome of any motions or discovery disputes between the parties in this case. However, counsel may ask to approach to lodge an objection or apprise the Court (outside earshot of the jury) of an issue with a witness's testimony in relation to a prior motion, brief, or discovery dispute. Further, counsel from counsel's table may make an objection in regard to an alleged violation of the Court's pretrial order or ruling on a motion *in limine*.

78.     The parties agree that they will not present evidence in furtherance of contentions not disclosed in their respective expert reports.

79.     The parties agree that they will not present or solicit testimony that the party objected to provide, refused to provide due to a claim of privilege or otherwise, or could not provide during deposition.

80.     Osseo agrees that it will not make any disparaging remarks or suggestions as to Planmeca's foreign connections (*e.g.*, with Planmeca Oy in Finland) or nationality or language of its employees.

81.     The parties set forth their positions on Planmeca's motion *in limine* No. 2 as follows, as further detailed in Exhibit 12 and respectively supplemented by Osseo and Planmeca in D.I. 174 and 175:

**Osseo's Position:**

Planmeca's Motion *in Limine* No. 2 requests the Court order the following (emphasis added):

> Other than as necessary to establish a royalty base for damages purposes, any Planmeca (or Planmeca Oy) *overall* revenue or profits financial information is irrelevant and prejudicial as referring to Planmeca's (or Planmeca Oy's) *overall* economic status and ability to pay the sought damages.

> Further, Planmeca requests that Osseo be precluded from offering evidence of the size and wealth of the parties, and specifically from characterizing or suggesting that this case is a "David versus Goliath" battle. Osseo should be precluded from putting on argument or evidence of Planmeca's net worth as it would create the potential for jurors to use their verdict to express biases against big business.

> Thus, Planmeca requests that Osseo be precluded from referring to Planmeca's (or Planmeca Oy's) wealth, size, or finances to the extent that such is irrelevant or characterizes the dispute as one of "David versus Goliath."

Osseo does not oppose Planmeca's Motion *in Limine* No. 2 and agrees not to offer evidence or arguments as to the *overall* revenue or profits of Planmeca or of its size, wealth, or net worth. Planmeca now seeks to further limit Osseo's ability to use the relevant evidence about

Planmeca's revenue from the accused products, which was not covered in its motion, and which requires more careful consideration given the obvious relevance of the data to Osseo's damages case. To the extent Planmeca's requested relief herein goes beyond the scope of its Motion *in Limine* No. 2, then Osseo opposes such an expansion and may oppose Planmeca's filing any further or amended motions *in limine* at this late date.

**Planmeca's Position:**

Planmeca's MIL No. 2 seeks to preclude Osseo from referring to or using Planmeca's financial information in an irrelevant or prejudicial manner before the jury. For example, Planmeca objects to Osseo using Planmeca's financial information to advocate an ability to pay, that the sought damages are monetarily inconsequential to Planmeca, the relative size of the parties for the purpose of garnering jury sympathy, or to characterize the case as a "David vs. Goliath" battle. As the Court is aware, this is a common MIL in patent cases that is routinely granted.

Here, the parties appear to agree that Osseo will not refer to Planmeca's (or Planmeca Oy's) overall wealth, size, finances, profits, and/or revenues to, for example, characterize, advocate, or suggest the dispute as one of "David versus Goliath" or that Planmeca has the resources / can afford to pay the sought damages. The parties also appear to agree that either party may, during evidentiary portions of the trial, evidence Planmeca's financial information as necessary to establish a royalty base for damages purposes. The parties dispute, however, to what additional extent and purpose Osseo can use such financial information. That is, Osseo asserts that Planmeca's MIL No. 2 extends only to Planmeca's *overall* revenue and places no restriction on how else Osseo may refer to or characterize Planmeca's financial information. For example, Planmeca understands Osseo's position as seeking to enable Osseo to advocate

to the jury that Planmeca obtained significant revenue from sales of an accused product and thus the amount that Osseo seeks would not materially impact Planmeca's profits on that product. Planmeca objects to such, as Osseo's interpretation of the MIL would eviscerate its clear purpose and intent. Regardless of whether it is overall revenue or some subset of Planmeca's financial information, Planmeca requests that Osseo be precluded from making irrelevant or prejudicial argument, comment, or characterization in front of the jury. The subject matter of this dispute is addressed in Planmeca's motion *in limine* No. 2 and requires judicial resolution.

82.     The parties agree that all rights to appeal the Court's claim constructions and the Court's dispositions of pretrial motions for summary judgment, *Daubert* motions, and motions *in limine* are preserved and do not need to be reasserted at trial to avoid waiver.

83.     The parties have met and conferred and agreed that, to the extent the Court provides Juror Notebooks, the Notebooks should include the following:

      a.   copies of the Asserted Patents;

      b.   the Court's and the parties' agreed-upon claim constructions; and

      c.   the parties' agreed glossary of patent terms from the preliminary jury instructions.

84.   The parties provide the following list of additional issues requiring resolution prior to trial:

      a.   The parties do not repeat here the issues set forth in their respective motions *in limine*, which are included with this pretrial order. Those are issues that remain to be decided by the Court.

b. The parties should be held to their Rule 26 disclosures and should not be permitted to offer testimony beyond the scope disclosed in timely served expert reports.

c. Planmeca contends that Osseo and its expert Dr. Kia have not carried the issue of indirect infringement and that thus Osseo should be precluded from raising any evidence or seeking any finding or judgment as to any claim of indirect infringement.

d. Planmeca contends that it is improper for Osseo to affirmatively designate deposition testimony of its own party witnesses or any experts.

e. Planmeca is amenable to trying issues of enablement and written description by bench trial.

## XIX. Settlement

85. The parties certify they have engaged in good faith efforts to resolve the case before trial, which efforts consist of several telephone calls and correspondence between counsel for the parties discussing possible terms for settlement, the most recent of which occurred in or around February 2021.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court.


DATED: _____          _____
                                          The Honorable Joseph F. Bataillon
                                          Senior United States District Judge


APPROVED AS TO FORM AND SUBSTANCE:


                                          */s/ Stephen B. Brauerman*
Seth H. Ostrow (Admitted *Pro Hac Vice*)   Stephen B. Brauerman (#4952)
 sho@msf-law.com                          sbrauerman@bayardlaw.com
Jeffrey P. Weingart (Admitted *Pro Hac Vice*)   BAYARD, P.A.
 jpw@msf-law.com                          600 N. King Street, Suite 400
Thomas M. Cassone (Admitted *Pro Hac Vice*)   Wilmington, DE 19899
 tmc@msf-law.com                          (302) 655-5000
Robert P. Feinland (Admitted *Pro Hac Vice*)
 rf@msf-law.com
MEISTER SEELIG & FEIN LLP
125 Park Avenue
New York, NY 10017                        *Attorneys for Plaintiff*
(212) 655-3500                            *Osseo Imaging, LLC*


Wasif H. Qureshi                          */s/ Michael J. Flynn*
wqureshi@jw.com                           Jack B. Blumenfeld (#1014)
Leisa Talbert Peschel                     jblumenfeld@morrisnichols.com
lpeschel@jw.com                           Michael J. Flynn (#5333)
Christopher N. Cravey                     mflynn@morrisnichols.com
ccravey@jw.com                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Blake T. Dietrich                         1201 North Market Street
bdietrich@jw.com                          P.O. Box 1347
JACKSON WALKER LLP                        Wilmington, DE 19899
1401 McKinney, Suite 1900                 (302) 658-9200
Houston, TX 77010
(713) 752-4200                            *Attorneys for Defendant*
                                          *Planmeca USA Inc.*